FILED '09 DEC 15 14:01 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAMELA MICHAEL,                                        CV 08-1355-TC

               Plaintiff,                          FINDINGS AND
                                                      RECOMMENDATION

    v.

Commissioner of Social Security,

               Defendant.

COFFIN, Magistrate Judge:

## BACKGROUND

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income and disability benefits. The court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff was born in 1957. She completed high school, one year of college, and three years of training at a vocational institute. She has past relevant experience as an office worker and tax preparer. Plaintiff alleges disability based primarily on back , neck and hand pain, epilepsy and depression.

1 - FINDINGS AND RECOMMENDATION

Defendant Commissioner contends that the denial of benefits was appropriate. Plaintiff seeks a reversal and awarding of benefits.  In the alternative, plaintiff  seeks a remand for further proceedings.  Although the former is preferred by plaintiff,  the  latter is more appropriate in the circumstances of this case and the  District Court should exercise its discretion in favor of further proceedings.  Such is discussed in more detail below. [1]

## STANDARD OF REVIEW

The initial burden of proof rests on the claimant to establish disability.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995).  To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record.  42

---

[1]All of plaintiff's arguments as to a remand for an immediate award of benefits have  been considered by this court and found unpersuasive.

U.S.C. § 405(g); <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir.
1995). "Substantial evidence means more than a mere scintilla
but less than a preponderance; it is such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion." <u>Id</u>.

The court must weigh all the evidence, whether it supports
or detracts from the Commissioner's decision. <u>Martinez v.
Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence
supports the Commissioner's conclusion, the Commissioner must be
affirmed; "the court may not substitute its judgment for that of
the Commissioner." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th
Cir. 2001).

## **DISABILITY ANALYSIS**

The Commissioner has established a five-step sequential
process for determining whether a person is disabled. <u>Bowen v.
Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each
step is potentially dispositive. The claimant bears the burden
of proof at steps one through four. <u>See</u> <u>Tacket v. Apfel</u>, 180
F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the
Commissioner, at step five, to identify jobs existing in
significant numbers in the national economy that the claimant can
perform. <u>Id</u>.; <u>see also</u> 20 C.F.R. § 404.1560(c)(2).

Here, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability; see 20 C.F.R. § 405.1520(b).

At step two, the ALJ found that plaintiff had the following severe impairments: cervical degenerative disc disease and seizure disorder; see 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of a listed impairment ; see 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

The ALJ assessed plaintiff with the residual functional capacity (RFC) to lift and carry a maximum of 10 pounds; during an 8 hour workday she could sit for one hour at a time for up to 6 hours and could stand for 30 minutes at a time for up to 2 hours; she could walk for 2 blocks at a time; her use of her left upper extremity was moderately limited, as was her ability to maintain concentration, persistence and pace; see 20 C.F.R. §§ 404.1520(e), 404.1545, 404.1567.

At step four the ALJ found that plaintiff was able to perform her past relevant work as a tax preparer; see 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f).

Because the ALJ found plaintiff not disabled at step four, he did not continue with the sequential evaluation to step five.

## DISCUSSION

Among other arguments, plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting her testimony and that the Commissioner should have considered new evidence that was submitted after plaintiff's hearing.

Standards Regarding a Claimant's Testimony

If the claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce some degree of the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ must assess the credibility of the claimant regarding the severity of symptoms. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996); Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986).

In assessing a claimant's credibility the ALJ may consider: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the objective medical evidence; (5) the location, duration, frequency, and intensity of symptoms; (6) precipitating and aggravating factors; (7) the type, dosage, effectiveness, and

side effects of any medication; and (8) treatment other than
medication. <u>See</u> <u>Smolen</u>, 80 .3d at 1284; <u>see also</u> SSR 96-7p.

The ALJ may not reject a claimant's testimony about the
severity of his symptoms solely because it is not corroborated
fully by objective medical findings. <u>Cotton</u>, 799 F.2d at 1408.
The ALJ may reject the claimant's testimony regarding the
severity of her symptoms only by providing clear and convincing
reasons for doing so. <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918 (9th
Cir. 1993); <u>Smolen</u>, 80 F.3d at 1283.

Claimant testified that her pain is a barrier to working.
Among other things, the ALJ stated:

> Considering the entire case record, the
> claimant fails to convince the undersigned
> that she is so impaired that she cannot
> perform any kind of gainful work.
> Consequently, her subjective complaints
> cannot be found sufficiently credible to
> serve as additive evidence to support a
> finding of disability.

TR. 24.

As discussed below, there are legitimate questions as to
whether the reasons given by the ALJ for the rejection of
claimant's testimony were clear and convincing.

The ALJ noted in his opinion that "[w]hen asked by her
representative what her 'biggest barrier to working' was the
claimant said it was pain..." TR 22.  The ALJ added a footnote
to this sentence that stated "[a]fter being asked the question
the claimant hesitated and the representative volunteered,

"pain?"  Footnote 1 at TR 22.  When discussing the plaintiff's work history as a reason for rejecting claimant's testimony, the ALJ wrote "the claimant testified that the significant reasons for her leaving her last job as a tax preparer were because she was not making enough money and she had difficulty working and keeping up with her duties at home."  TR 23.  The ALJ added a footnote to this sentence that stated "The claimant practically had to be coached by her representative into admitting that pain was one of the reasons she stopped working."  Footnote 2 at TR 23. However, the transcript of the hearing plainly shows that claimant answered without any "coaching" and that the representative's question "Pain?" was asked immediately after claimant had answered "pain."  The question "Pain?" was asked by the representative in an effort to get claimant to elaborate, not to suggest an answer.  TR. 254.

The ALJ also added a footnote to a discussion of plaintiff's daily activities that stated "Curiously, the claimant testified that she cooks simple meals and does not use  public transit, yet in their written statements the claimant and her daughter  assert just the opposite!"  Footnote 3 at TR 23.   At the hearing, claimant testified that she has not used public transportation "for about three years" and that she prepared extremely basic meal for herself.  TR. 264, 263.  Claimant's  Function Report and the report completed by her daughter, both dated September 1,

2004, stated that she did occasionally take public
transportation.  TR. 123, TR 133.  However, both reports were
completed more than three years before the hearing.

The Commissioner states in a footnote in its brief to this
court that "the ALJ gave two reasons for partially discounting
plaintiff's credibility that the Commissioner will not further
discuss in this brief, including possible coaching by plaintiff's
representative and possible inconsistencies in plaintiff's
statements about her preparation of meals and her use of public
transportation.  Tr. 23, n. 2 and n3.  The Commissioner concedes
that these grounds were arguably improper under the facts of this
case." Footnote 2 of p.12 of Defendant's Brief (#14).

Although an ALJ can reject a claimant's testimony by using
prior inconsistent statements and testimony by the claimant that
appears less than candid, the ALJ's footnotes set forth above
indicate a mistaken reading or recollection of the facts and are
not supported by substantial evidence in the record.  Although
the  Commissioner argues that the other reasons given by the ALJ
for discounting credibility were more than sufficient to
establish that the ALJ "did not arbitrarily discredit claimant's
testimony," footnote 2 of p. 12 of Defendant's Brief (#14),
the aforementioned errors may very well have influenced the ALJ's
overall credibility analysis and it is questionable if the ALJ's
reasons for rejecting claimant's testimony are clear and

convincing and based on substantial evidence in the record.
Accordingly, the ALJ's decision should be reversed.

The issue now is if the reversal should be accompanied by a
remand for benefits or a remand for further proceedings. The
decision whether to remand for further proceedings or for
immediate payment of benefits is within the discretion of the
court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert.
denied*, 531 U.S. 1038 (2000). The issue turns on the utility of
further proceedings. A remand for an award of benefits is
appropriate when no useful purpose would be served by further
administrative proceedings or when the record has been fully
developed and the evidence is not sufficient to support the
Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763
(9th Cir. 1989).

Improperly rejected evidence should be credited and an
immediate award of benefits directed where:  (1) the ALJ has
failed to provide legally sufficient reasons for rejecting such
evidence; (2) there are no outstanding issues that must be
resolved before a determination of disability can be made; and
(3) it is clear from the record that the ALJ would be required to
find the claimant disabled were such evidence credited. *Harman
v. Apfel*, 211 F.3d at 1178 citing *Smolen v. Chater*, 80 F.3d 1273,
1292 (9th Cir. 1996). Of course, the third prong of this test is
actually a subpart of the second. *See Harman*, 211 F.3d at 1178
n. 7.

Remanding this case for further proceedings is a prudent exercise of discretion as the ALJ gave several reasons for discounting plaintiff's testimony, but it is unclear if errors made in parts of the credibility analysis influenced the overall credibility analysis, and , further, step five of the sequential process was not completed. Moreover, the medical expert called by the ALJ to testify noted that "[r]egrettably we've learned much more from the claimant than one will from [her medical] record." TR 271.  In discussing a record from one of plaintiff's doctors, the medical expert called to testify stated, "[t]he important thing is [the doctor] suggested for evaluation that the - -her patient should have an MRI of the cervical spine.  In this record ... we have no MRI report." Id. Claimant subsequently obtained a MRI and report.

As a remand for further proceedings is appropriate due to the credibility analysis, the ALJ should also consider the MRI and reports from chiropractor Seward and Dr. Townsend upon remand. There are outstanding issues that must be resolved before a determination of disability can be made and the three prongs of Harman have not been met.  Accordingly, the District Court should exercise its discretion in favor of further proceedings.

**CONCLUSION**

Based on the foregoing, the Commissioner's decision should be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). Upon remand, the ALJ should consider and reevaluate all of the evidence in the record without consideration of the erroneous information contained in the footnotes of the ALJ's previous opinion and with consideration of claimant's MRI and reports from chiropractor Seward and Dr. Townsend. The ALJ should then perform a new five-step sequential process to determine if plaintiff is disabled and issue a new opinion.


DATED this 15ᵗ day of December, 2009.

_____

Thomas Coffin
United States Magistrate Judge